WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kevin E. Thomas, | No. CV-16-02886-PHX-SPL |
| Plaintiff, | |
| vs. | **ORDER** |
| Ally Bank, et al., | |
| Defendants. | |

Before the Court are Defendants' motions to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Docs. 7, 41.) The motions are fully briefed, and for the reasons that follow, will be granted.

**I.     Background**

In March 2008, April Thomas borrowed $94,100.00 from Home Loan Network Corporation, secured by a deed of trust on real property located at 6711 West Osborn Road #162, Phoenix, Arizona. The deed of trust named Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary in a nominee capacity for the lender and its assigns. MERS assigned all beneficial interest under the deed of trust to GMAC Mortgage, LLC in June 2012. In 2015, GMAC Mortgage, LLC, through its attorney-in-fact Ocwen Loan Servicing, LLC, executed a corporate assignment of the deed of trust in favor of assignee Ally Bank. Ally, as beneficiary, caused the property to be sold at a trustee's sale on January 19, 2016. Following the trustee's sale, forcible detainer proceedings were instituted by Ally against the April Thomas and "Doe Occupants" for

failure to vacate the property. Ally retained Nathan Smith and Kevin Hahn, of Malcolm Cisneros, as counsel. The Maricopa County Superior Court entered judgment against April Thomas and her co-occupants on August 25, 2016. (Docs. 1, 19, 45.)[1]

On August 29, 2016, *pro se* Plaintiff Kevin Thomas filed a Complaint against Ally Bank, Ocwen Loan Servicing, LLC, Cenlar Central Loan Administration & Reporting, Malcolm Cisneros, Nathan Smith, and Kevin Hahn, bringing claims for (among other things): (1) breach of contract/good faith and fair dealing; (2) wrongful foreclosure; (3) fraudulent misrepresentation; (4) violations of the Home Owners Bill of Rights Act of 2014 and the New Servicing Rules and the Dodd-Frank Wall Street Reform Consumer Protection Act; (5) lack of standing; (6) promissory estoppel; (7) breach of the deed of trust; (8) promissory estoppel; (9) dual tracking; (10) robo signing; (11) negligent concealment; (12) RICO; (13) violation of Ariz. Rev. Stat. § 44-1522; (14) violation of Ariz. Rev. Stat. § 33-420; (15) fraudulent concealment; (16) negligent infliction of emotional distress; (17) quiet title; and (18) unjust enrichment. (Doc. 1.) Plaintiff was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). (Doc. 1.)

## II. Standard of Review

To survive a motion to dismiss, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" such that the

---

[1] Although generally a court may not consider matters outside the pleadings in ruling on a motion to dismiss, the court may take judicial notice of matters of public record outside the pleadings. *Mack v. S. Bay Beer Distribs., Inc.,* 798 F.2d 1279, 1282 (9th Cir. 1986) *overruled on other grounds by Astoria Fed. Sav. & Loan Ass'n. v. Solimino,* 501 U.S. 104 (1991); *see also Intri-Plex Techs., Inc. v. Crest Grp., Inc.,* 499 F.3d 1048, 1052 (9th Cir. 2007) ("a court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment, as long as the facts noticed are not subject to reasonable dispute") (internal citations and quotation marks omitted). In particular, a court may take judicial notice of pleadings, memoranda, and other verifiable documents from related litigation. *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006). The court may also consider evidence where (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy. *Marder v. Lopez,* 450 F.3d 445, 448 (9th Cir. 2006). Lastly, "[u]nder the 'incorporation by reference' doctrine, '[e]ven if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim.'" *Ecological Rights Found. v. Pac. Gas & Elec. Co.,* 713 F.3d 502, 511 (9th Cir. 2013) (citation omitted).

defendant is given "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2); *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The Court may dismiss a complaint for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure for two reasons: (1) lack of a cognizable legal theory, and (2) insufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990).

In deciding a motion to dismiss, the Court must "accept as true all well-pleaded allegations of material fact, and construe them in the light most favorable to the non-moving party." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). Thus, to defeat a motion to dismiss, a complaint must contain sufficient factual matter, which, if accepted as true, states a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). Facial plausibility requires the plaintiff to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility does not equal "probability," but plausibility requires more than a sheer possibility that a defendant acted unlawfully. *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly,* 550 U.S. at 557).

Fraud claims are subject to Rule 9(b) of the Federal Rules of Civil Procedure, which requires that a plaintiff "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Rule 9(b) requires that the pleader "state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." *Schreiber Distrib. Co. v. Serv-Well Furniture Co., Inc.*, 806 F.2d 1393, 1401 (9th Cir. 1986). The plaintiff must also "set forth . . . an explanation as to why the disputed statement was untrue or misleading when made." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 993 (9th Cir. 1999); *see also Vess v. Ciba-Geigy Corp. USA*,

317 F.3d 1097, 1106 (9th Cir. 2003) ("Averments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged.") (citation and quotation marks omitted). "Rule 9(b) does not allow a complaint to merely lump multiple defendants together but requires plaintiffs to differentiate their allegations . . . and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *United States v. Corinthian Colleges,* 655 F.3d 984, 997-98 (9th Cir. 2011) (citation omitted). The plaintiff must identify each defendant's role in the "fraudulent scheme." *Id.* at 998.

**III. Discussion**

    **A. Dismissal**

Here, Plaintiff's complaint does not provide a short and plain statement of his claims, nor simple, concise, and direct allegations. Rather, the complaint is comprised of allegations that are largely incoherent, and at times, unintelligible. Plaintiff appears to claim that Defendants conspired against him in a scheme of fraud and deceit which ultimately concluded in the foreclosure of and eviction from his property. Plaintiff does not however set forth allegations that can be said to describe the conspiracy in any clear, comprehensible manner, or show that Defendants caused Plaintiff harm in a legally cognizable way that is sufficient to raise a plausible right to relief. Although Plaintiff cites various federal and state provisions, it is unclear how his various allegations correlate to those grounds. Nor does the complaint provide sufficient notice to Defendants as to how each of them allegedly violated Plaintiff's legal rights. Instead, the allegations are chiefly and repeatedly lodged against "all defendants." Thus, in lumping Defendants together in this manner, Plaintiff fails to "state with particularity the circumstances constituting fraud" pursuant to Rule 9(b). *Corinthian Colleges,* 655 F.3d at 997-98.

Further, to the extent Plaintiff's allegations can be deciphered, and accepting those allegations as true, they do not state a plausible claim for relief. *Iqbal,* 556 U.S. at 678; *Twombly,* 550 U.S. at 556; *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

For instance, the documents submitted by Plaintiff show that April Thomas, not Plaintiff, was the borrower of record; April Thomas could not unilaterally quiet title to Plaintiff in 2011 because, among other things, there is no claim that Plaintiff paid the debt secured by the deed of trust; and Plaintiff cannot quiet title now because foreclosure of the property has already taken place. *See supra.* Thus, by example, Plaintiff cannot state a plausible claim for breach of contract, wrongful foreclosure, or quiet title. Therefore, the Court will grant Defendants' motions, and will dismiss the complaint.

**B. Amendment**

Rule 15 of the Federal Rules of Civil Procedure provides that the Court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). When dismissing a complaint for failure to state a claim, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

Here, in response to the motions to dismiss, Plaintiff failed to address any of Defendants' arguments and instead simply reiterated the allegations in his complaint and cited to various legal standards. (Docs. 19, 45.) As cited by Plaintiff himself (*see* Doc. 45 at 1), to survive a motion to dismiss, he was obligated to provide more than unreasonable inferences and legal conclusions. Given Plaintiff's prior unsuccessful attempt to amend the complaint (*see* Docs. 30, 34), and the fact that it appears that judgment on the same or substantially identical lawsuit has been entered in state court (*see* Docs. 23-24),[2] the Court finds that further opportunities to amend would be futile and will dismiss this action without leave to amend. *See AmerisourceBergen Corp. v. Dialysist West, Inc.,* 465 F.3d 946, 951 (9th Cir. 2006); *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001); *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency,*

---

[2] *See Thomas v. Ally Bank, et al.,* CV2016-014100, Maricopa County Superior Court, Minute Entry Feb. 24, 2017, found at: http://www.courtminutes.maricopa.gov/docs/Civil/022017/m7732674.pdf and Minute Entry Dec. 6, 2017, found at http://www.courtminutes.maricopa.gov/docs/Civil/122016/m7627755.pdf

5

322 F.3d 1064, 1078 (9th Cir. 2003); *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996); *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989) ("Leave to amend need not be given if a complaint, as amended, is subject to dismissal"). Accordingly,

**IT IS ORDERED:**

1. That the Motions to Dismiss (Docs. 7, 41) are **granted**;

2. That this action is **dismissed** in its entirety;

3. That the Clerk of Court shall **terminate** this action and enter judgment accordingly; and

4. That the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) and Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure, that any appeal of this decision would not be taken in good faith.

Dated this 29th day of September, 2017.

Honorable Steven P. Logan
United States District Judge